**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

ANTHONY WILBURN,

      Plaintiff,

          v.                        CAUSE NO. 3:26-CV-510-TLS-AZ

RON NEAL, et al.,

      Defendants.

**OPINION AND ORDER**

Anthony Wilburn, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wilburn is proceeding without counsel, his allegations must be given liberal construction.[1] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wilburn is an inmate at Indiana State Prison. He claims that beginning in March 2025, there have been lockdowns in his unit lasting from a few days to a few weeks. During the lockdowns, his only drinking water allegedly comes from a "spigot on the toilet/sink combination" in his cell. He claims the water coming out of this spigot is "light brown and

---

[1] The court notes that the complaint is difficult to decipher because the handwriting is very small and in places illegible. In the future, Wilburn must ensure that his filings are clearly legible.

greyish in color" and "smells of sewage and feces." He and other inmates usually get filtered water from a nearby drinking fountain, but during the lockdowns they are not permitted to leave their cells to get water.

He further claims it is well known that the water in his cellhouse is unsafe. Warden Ron Neal and Assistant Warden Dawn Buss allegedly told prison staff not to drink the water and installed a water filtration system at each officers' station but did not do the same for inmates. He claims these high-ranking officials knew he had no access to clean drinking water during the lockdowns but did nothing to remedy the problem. Based on this issue, he sues seven defendants for $1.75 million in damages and other relief.

Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that the act or omission of a staff member resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (citation and internal quote marks omitted). On the subjective prong, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021) (citation omitted).

Wilburn satisfies the objective prong because the Eighth Amendment entitles inmates to adequate drinking water, and he claims the only water he was provided during lockdowns was visibly dirty and foul-smelling. *See id.* at 721; *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). He further claims Warden Neal and Assistant Warden Buss were personally aware of

2

the problems with the water in his cell but did nothing to remedy it. He has alleged enough to proceed on a claim for damages against these defendants under the Eighth Amendment.

He names five "John or Jane Doe" defendants, and it is permissible as a general matter to sue a "placeholder defendant" in federal court. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). However, he does not clearly allege who these individuals are and how they were involved in the events related to the water. His vague allegations about "ISP staff" collectively do not suffice to state a claim against these individuals. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."(citations omitted)).

Although unclear, it appears some of the John or Jane Defendants are guards who would not let him out of his cell to get water. However, the mere fact that a guard would not let him leave his cell during a unit-wide lockdown does not support a claim for deliberate indifference. Wilburn makes clear that the decisions about the water were being made by the officials in charge, Warden Buss and Assistant Warden Buss, and the guards cannot be held personally liable for the "misdeeds" of other prison staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "The most one can say is that [they] did nothing, when [they] might have gone beyond the requirements of [their] job and tried to help him." *Id.* at 596. This does not state a claim for damages under section 1983. *Id.*

His complaint can also be read to allege that he needs permanent injunctive relief to remedy the lack of clean drinking water during lockdowns, which occur with some frequency in

3

his unit. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate drinking water in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Wilburn will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief related to his need for clean drinking water during lockdowns, should he ultimately prove an Eighth Amendment violation in this case.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal and Deputy Warden Dawn Buss in their personal capacity for money damages for failing to provide him with clean drinking water during lockdowns from March 2025 to the present in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief related to his need for clean drinking water during lockdowns as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES all "John or Jane Doe" defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal and Deputy Warden Dawn Buss at Indiana State Prison and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Warden Ron Neal and Deputy Warden Dawn Buss to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

5